**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**SHANE D. DEICHMAN,**

        **Plaintiff,**

     **v.**                       **CIVIL ACTION NO. 2:05cv680**

**UNITED STATES OF AMERICA,**

        **Defendant.**

### *MEMORANDUM OPINION & ORDER*

Before the Court is the Motion of Defendant United States of America for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court has considered the memoranda of the parties and these motions are now ripe for decision. For the reasons set forth below, the Court finds that the parties have entered into an enforceable settlement agreement and **ORDERS** plaintiff Shane Deichman ("Deichman") to dismiss both of his pending FOIA complaints with prejudice. As an alternative basis for dismissal, the United States' Motion for Summary Judgment is **GRANTED**. The Court **DENIES** Deichman's request for attorney fees, costs, and lost wages.

### I. FACTUAL AND PROCEDURAL HISTORY

For the purposes of these motions, the Court assumes the following facts to be true.[1]

---

[1] Rule 56(B) of the Local Rules of the United States District Court for the Eastern District of Virginia requires that a motion for summary judgment include a list of undisputed facts. The Court assumes that any facts alleged in the motion for summary judgment are admitted unless controverted by the responding opposition brief. The facts indicated in this section, unless otherwise noted, were admitted by Plaintiff because the affidavits offered by Plaintiff and

Deichman was the Capabilities Department Head at the Joint Experimentation Directorate of the United States Joint Forces Command ("USJFCOM").   On about March 1, 2005, Deichman was issued a letter of reprimand ("LOR") by his supervisor.   On March 3, 2005, Deichman submitted a rebuttal to the letter of reprimand, and on March 15, 2005, Deichman filed a formal grievance. Also on March 15, 2005, Deichman submitted his first Freedom of Information Act ("FOIA") request.   On April 6, 2005, Deichman submitted a follow-up letter to his FOIA request.   On April 11, 2005, USJFCOM sent a letter to Deichman informing him that it was working on his request and that it interpreted his April 6 letter as an enlargement of his initial request, so that it would be unable to respond to him within the statutory period of twenty working days and the supplemental period of ten additional working days.

On May 24, 2005, USJFCOM denied Deichman's grievance relating to his letter of reprimand.

On October 21, 2005, Deichman filed his first FOIA complaint.   On October 22, 2005, Deichman filed a second FOIA request seeking information from USJFCOM.   On October 28, 2005, USJFCOM sent Deichman 127 pages in response to his first FOIA request.   On November 23, 2005, USJFCOM notified Deichman that it was unable to meet the statutory deadline for the second FOIA request and requested ten additional working days to process the request.   On November 28, 2005, Deichman filed another complaint.

On December 12, 2005, USJFCOM provided 428 pages of documents in response to

---

referred to in his brief did not offer evidence contradicting the statements by Defendant. Pursuant to Rule 56(B) of the Local Rules, the Court accepts those facts not disputed to be admitted and also assumes those facts not disputed specifically by the referenced affidavit to be admitted by Plaintiff.

Deichman's second FOIA request.  On December 15, 2005, Deichman filed an Equal Employment Opportunity Commission complaint based on discrimination.

On December 20, 2005, USJFCOM filed two motions for summary judgment for Deichman's two FOIA cases.  On May 12, 2006, the Court consolidated the two cases.

On June 1, 2006, the Court held a hearing on Defendant's motion for summary judgment. The Court held that USJFCOM's search was adequate, but that Defendant had not provided an adequate *Vaughn* Index to the information provided.  The Court ordered Defendant to provide an improved *Vaughn* Index so that Defendant's claimed FOIA exemptions could be properly analyzed.

On July 24, 2006, Defendant provided a revised *Vaughn* Index for each of Deichman's FOIA complaints.  Defendant amended these indices on July 26, 2006.  On August 14, 2006, Deichman filed a response to the revised indices.  On August 17, 2006, Defendant and Deichman filed stipulations as to some of Defendant's claimed exemptions.  On August 22, 2006, Defendant filed a reply to Diechman's response regarding the *Vaughn* indices.  Finally, on September 25, 2006, Defendant filed a Supplemental Memorandum in Support of Enforcing the Parties' EEO Settlement Agreement.  It is noted that Deichman's underlying personnel action has been resolved, and that Deichman is no longer employed at USJFCOM.

## II.  LEGAL STANDARDS

### A.  Summary Judgment

Rule 56(c) provides for summary judgment if the Court, viewing the record as a whole, determines "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c)); *Haulbrook v. Michelin North*

*Amer., Inc.*, 252 F.3d 696, 700 (4th Cir. 2001) (citing *McKinney v. Bd of Trustees of Mayland*

*Cmty. Coll.*, 955 F.3d 924, 928 (4th Cir. 1992) (stating that "summary judgment should be

granted only when it is perfectly clear that no issue of material fact exists, and it is not necessary

to inquire further into the facts in order to clarify the operation of the law"). In deciding a motion

for summary judgment, the Court must view the facts, and inferences to be drawn from the facts,

in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). To

defeat summary judgment, the nonmoving party must go beyond the pleadings with affidavits,

depositions, interrogatories, or other evidence to show that there is in fact a genuine issue for

trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Summary judgment will be granted

"against a party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at

322.

## B. Freedom of Information Act

The Freedom of Information Act allows members of the public to request information in

the possession of the government. 5 U.S.C. § 552(a)(4)(B) (2000). The act is to be construed

broadly to provide information to the public. *Ethyl Corp. v. United States Envtl. Protection*

*Agency*, 25 F.3d 1241, 1246 (4th Cir. 1994). "The FOIA requires each governmental agency to

provide information to the public on request if the request 'reasonably describes' the record

sought and is made in accordance with published agency rules for making requests." *Id.* at 1245;

*see* 5 U.S.C. § 552(a)(3).

The government is allowed to withhold documents based on nine exemptions provided

under the FOIA.  5 U.S.C. § 552(b).   "Any reasonable segregable portion of a record shall be

provided to any person requesting such record after deletion of the portions which are exempt

from this subsection [(b)]."  *Id.*  Exemptions from production are to be construed narrowly.

*Ethyl*, 25 F.3d at 1245.  The agency called upon to provide the document bears the burden of

demonstrating that any document withheld falls within a stated exemption.  *Id.*  Finally, "As a

general rule, these [exemption determinations] and all other FOIA determinations should be

resolved on summary judgment."  *Hanson v. United States Agency for Int'l Dev.*, 372 F.3d 286,

290 (4th Cir. 2004).

## III.  DISCUSSION

### A.  Settlement Agreement

Defendant first argues that a settlement agreement between USJFCOM and Deichman

that was signed in February 2006 mandates that Diechman withdraw his FOIA complaints with

prejudice.  "[D]istrict courts have inherent authority, deriving from their equity power, to enforce

settlement agreements."  *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002).  Before

it enforces a settlement agreement, a court must "conclude[] that a complete agreement has been

reached and determine[] the terms and conditions of that agreement."  *Id.*  A court can summarily

enforce a settlement agreement without a hearing when "a binding settlement bargain is

conceded as shown, and the excuse for nonperformance is comparatively unsubstantial."  *Autera

v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969), *quoted in Millner v. Norfolk & Western

Railway Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981).  Therefore, "if an agreement for complete

settlement of the underlying litigation, or part of it, has been reached and its terms and conditions

can be determined, the court may enforce the agreement summarily as long as the excuse for

nonperformance of the agreement is 'comparatively unsubstantial.'" *Hensley*, 277 F.3d at 540

(quoting *Autera*, 419 F.2d at 1197).  However, "If there is a factual dispute over the existence of

an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's

terms, the district court may not enforce a settlement agreement summarily." *Id.* at 541.  In that

case, the court must conduct an evidentiary hearing to resolve the dispute and make findings on

the issues.  *Id.*

There is no dispute over the existence of the agreement in the instant case.  The

agreement was in writing and signed by Deichman and two USJFCOM management officials.

The relevant provision of this agreement states:

> Complainant [Deichman] agrees to seek withdrawal of all of his
> current FOIA complaints presently in court if allowed without
> prejudice; if such is not possible, he agrees in any event, upon
> satisfactory outcome of the PIP and the removal of the Letter of
> Reprimand, to withdraw all such FOIA matters from court and/or any
> other administrative forum or appeal.

Deichman responds that while he received oral notification that the Performance Improvement

Period ("PIP") was satisfactorily completed, he has not received a copy of the performance

review.  Deichman also states that he has received no notification that the LOR has been

removed from his file.

Defendant has submitted the declaration of David Chadwick ("Chadwick"), Supervisory

Human Resources Specialist in Employee and Labor Relations in the Human Resources Office

for the Department of the Navy.  Under pertinent regulations, Chadwick is the only person who

would have been permitted to add a LOR to Deichman's file.  In his declaration, Chadwick states

that he does not recall ever placing a LOR in Deichman's file and that no LOR could be found

after a recent search of the file.  Defendant has also submitted the declaration of Lauren Winter ("Winter").  Winter was Deichman's immediate supervisor at USJFCOM.  Winter states that in May 2006 she issued Deichman a notice that concluded the PIP and gave him a performance rating of acceptable.

The Court is satisfied that an enforceable settlement agreement exists and that the terms of the agreement are sufficiently clear.  The settlement agreement provided that Deichman would first attempt to withdraw his FOIA actions without prejudice if possible.  Failing that, the settlement agreement states that should the PIP be satisfactorily completed and the LOR removed, "he agrees *in any event* . . . to withdraw all such FOIA matters from court . . . ." (emphasis added).  Although this second withdrawal provision does not specifically state whether it means withdrawal with or without prejudice, the Court finds that with prejudice is the intended meaning.  The parties specified that even without USJFCOM taking further action, Deichman was to attempt to dismiss his claims without prejudice, showing that they understood how to use the term.  Also, Chadwick's declaration states that he interpreted the agreement to mean that Deichman would only withdraw his FOIA complaints without prejudice if USJFCOM did not live up to the PIP and LOR conditions, otherwise, the withdrawal would be permanent.

Deichman's primary argument that the settlement agreement should not be enforced against him concerns USJFCOM's actions in complying with its terms.  Deichman asserts that he was only given oral notice that the PIP was completed satisfactorily, and that he has never been notified that the LOR had been removed from his file.  It is noted first that the settlement agreement does not contain any provision requiring USJFCOM to notify Deichman that the PIP and LOR issues have been resolved.  Deichman was nonetheless notified that the PIP was

7

completed.  Chadwick's declaration states that to the best of his knowledge, the LOR was never

even placed into Deichman's file.  Deichman's nonperformance argument is "comparatively

insubstantial."  *Autera*, 419 F.2d at 1197.  Therefore, the Court will enforce the settlement

agreement between Deichman and USJFCOM dated February 3, 2006.  Deichman is **ORDERED**

to dismiss his two pending FOIA complaints with prejudice.

**B.  Adequacy of FOIA Disclosure**

In addition to finding an enforceable settlement agreement, the Court finds in the

alternative that Defendant has met its FOIA obligations in disclosing all relevant documents, so

that Defendant's Motion for Summary Judgment on the Grounds of Mootness is granted.[2]

**1.  Adequacy of the Search**

Defendant argues that it has performed an adequate search.  Defendant notes that the

Court stated that it was satisfied that the search was adequate in the June 1, 2006 summary

judgment hearing.  Deichman argues that the electronic search was not adequate, in that

Defendant searched electronic files by manual methods, as opposed to the alleged FOIA

requirement of an automated search.

The FOIA defines "search" as "to review, manually or by automated means, agency

records for the purpose of locating those records which are responsive to a request."  5 U.S.C. §

552(a)(3)(D).  In addition, "In responding under this paragraph to a request for records, an

agency shall make reasonable efforts to search for the records in electronic form or format,

except when such efforts would significantly interfere with the operation of the agency's

---

[2]Defendant filed two identical motions for summary judgment in the cases before they were consolidated.  For the purposes of clarification, the Court will analyze only one as it pertains to the consolidated case.

automated information system." 5 U.S.C. § 552(a)(3)(C). With regard to technical feasibility, "[A] court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under paragraph (2)(C) . . . ." 5 U.S.C. § 552(a)(4)(B).

The United States Court of Appeals for the Fourth Circuit ("the Fourth Circuit")'s standard for judging the adequacy of a search is "not whether every single potentially responsive document has been unearthed . . . but whether the agency has 'demonstrated that it has conducted a 'search reasonably calculated to uncover all relevant documents.'" *Ethyl*, 25 F.3d at 1246 (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (quoting *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1350-51 (D.C. Cir. 1983))) (internal citations omitted). The agency's affidavit "must be reasonably detailed, 'setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched' so as to give the requesting party an opportunity to challenge the adequacy of the search." *Id.* at 1247 (quoting *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).

As noted by Defendant, this Court in its June 1, 2006 hearing found that Defendant's search was adequate. Since this hearing, Defendant has provided an additional affidavit from Jeanne Yeager, who was in charge of processing Deichman's FOIA requests. Defendant has also provided an affidavit from Sherri Dunmire, the Section Chief of Network Engineering and Systems Integration in the USJFCOM division where Deichman was employed. These affidavits detail the search undertaken by Defendant in response to Deichman's requests. In particular, the Dunmire affidavit details a feasibility analysis regarding searching all USJFCOM emails to and from personnel in relevant USJFCOM divisions using Deichman's name as a search term over a

period of 279 days.  Dunmire concluded that such a comprehensive search would cost in excess

of $6 million.  Deichman responds by stating that although Dunmire described one way to

accomplish his requested search, there are other cheaper methods.  However, he does not detail

exactly what that would entail.  The Court finds that Defendant's FOIA searches were adequate.

## 2.  Provision of Documents

Defendant argues that it has provided Deichman with all non-exempt documents

available in response to his FOIA requests, and that therefore his complaints should be dismissed

as moot.  Defendant has detailed these exemptions in amended revised *Vaughn* indices, filed on

July 26, 2006.  Deichman argues that Defendant's claimed exemptions are inapplicable, and that

Defendant has not released all of the documents to which he is entitled.

"[T]he *Vaughn* index is a list which describes each document withheld by an agency with

sufficiently detailed information to enable a district court to rule whether it falls within an

exemption provided by FOIA."  *Ethyl*, 25 F.3d at 1244 n.1.  "The *Vaughn* index is a surrogate for

the production of documents for in camera review, designed to enable the district court to rule on

a privilege without having to review the document itself."  *Id.* at 1249.

Defendants claim FOIA Exemptions 5 and 6.  Exemption 5 excludes records that are

"inter-agency or intra-agency memorandums or letters which would not be available by law to a

party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  This includes the

"deliberative process privilege."  *Ethyl*, 25 F.3d at 1248.  This exemption includes records

protected by the attorney-client privilege and attorney work-product doctrine, and records that are

deliberative and predecisional.  *Id.*  Exemption 6 excludes "personnel and medical files and

similar files the disclosure of which would constitute a clearly unwarranted invasion of personal

privacy." 5 U.S.C. § 552(b)(6).  "[A] district court must make a *de novo* determination of whether government records were properly withheld under an FOIA exemption provision." *Willard v. IRS*, 776 F.2d 100, 102 (4th Cir. 1985).

In response to the Court's June 1, 2006 ruling, Defendant has produced a more detailed *Vaughn* index for each of Deichman's FOIA complaints.  The documents disclosed by Defendant's adequate search and covered by the *Vaughn* index consist mainly of email communications and a few record memoranda.  The amended revised *Vaughn* indexes for each of Deichman's requests contain one line entry per document.  The line entries all contain the parties to the communication or memoranda in question and the date of the document.  Each entry contains a description of the document and specifies the specific FOIA exemption claimed with a brief justification of the exemption's application.

Defendant has properly claimed Exemption 5.  Defendant applies Exemption 5 mostly to communications between USJFCOM employees regarding proposed actions on personnel issues. Most of these communications concern proposed action concerning Deichman ahead of his March 1, 2005 LOR and subsequent PIP.  The rest concern other predecisional agency drafts and recommendations that fall within Exemption 5.  *See Ethyl*, 25 F.3d at 1248.  These communications are all deliberative and predecisional, and therefore protected by Exemption 5.

Defendant also applies Exemption 5 to several communications between USJFCOM employees and agency counsel.  Defendant claims both attorney work product and attorney-client privilege exemptions.  Exemption 5 "include[s] the working papers of the agency attorney and documents which would come within the attorney-client privilege if applied to private parties." S. Rep. No. 89-813, at 2 (1965), *quoted in NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136

11

(1975).  It is true that Defendant can waive this privilege either expressly or by voluntarily disclosing confidential information to a party not covered by the privilege.  *Hanson*, 372 F.3d at 293-94.  However, there has been no waiver in the instant case.  The documents covered by the attorney work product and attorney-client privileges in this case are communications between USJFCOM employees and agency counsel concerning recommendations regarding draft documents and proposed agency actions.  There is no indication that this information was shared with non-privileged parties.  Defendant has correctly applied Exemption 5 to these legal communications.

Defendant's remaining exemptions fall under Exemption 6.  These exemptions consist of USJFCOM employee names and discussions of personnel matters of other USJFCOM employees.  Defendant has redacted documents where possible, only deleting names and discussions of personnel matters relating to other USJFCOM employees.  *See Dep't of the Air Force v. Rose*, 425 U.S. 352, 381-82 (1976) (explaining that redaction of names and other personally identifying elements is the preferred method to claim Exemption 6).  Defendant has properly applied Exemption 6.

In conclusion, Defendant has conducted an adequate search and provided all required documents to Deichman.  Defendant has properly applied FOIA Exemptions 5 and 6.  Defendant has properly segregated exempt material from non-exempt material in the disclosed documents.  *See Ethyl*, 25 F.3d at 1250 (stating that the burden is on the agency to show that "no segregable information exists" in a partially disclosed document).  As Defendant has satisfied its burden under both of Deichman's FOIA requests, Deichman's cases are moot and Defendant's summary judgment motion will be granted.

## C.  Attorney Fees

Finally, Deichman argues that he should be awarded litigation fees of $5,009.92 and lost salary and earnings of $895,145.  The FOIA provides that, "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E).  While the Fourth Circuit has not specifically discussed whether *pro se* litigants can recover attorney fees under the FOIA, nine circuits have held that *pro se* litigants cannot recover attorney fees.  *See Benavides v. Bureau of Prisons*, 993 F.2d 257, 260 (D.C. Cir. 1993); *Carter v. Veterans' Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986); *DeBold v. Stimson*, 735 F.2d 1037, 1043 (7th Cir. 1984); *Wolfel v. United States*, 711 F.2d 66, 68 (6th Cir. 1983); *Clarkson v. Internal Revenue Serv.*, 678 F.2d 1368, 1371 (11th Cir. 1982); *Cunningham v. Federal Bureau of Investigation*, 664 F.2d 383, 387-88 (3d Cir. 1981); *Barrett v. Bureau of Customs*, 651 F.2d 1087, 1090 (5th Cir. 1981); *Crooker v. United States Dep't of Justice*, 632 F.2d 916, 922 (1st Cir. 1980); *Burke v. Dep't of Justice*, 432 F. Supp. 251, 253 (D.C. Kan. 1976), *aff'd*, 559 F.2d 1182 (10th Cir. 1977).  Courts have, however, allowed a substantially prevailing *pro se* FOIA litigant to recover costs.  *See, e.g.*, *Carter*, 780 F.2d at 1481-82.

In determining whether a party has substantially prevailed under the FOIA, a district court is to consider the following factors: "(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law." *Aviation Date Serv. v. FAA*, 687 F.2d 1319, 1321 (10th Cir. 1982), *quoted in Reinbold v. Evers*, 187 F.3d 348, 362 n.16 (4th Cir. 1999).  Although Deichman claims

$5,0092.92 in costs, $4,262.50 of that total derives from Defendant's legal representation in the February 2006 mediation leading to the settlement of Defendant's personnel issue with USJFCOM and so is not relevant to Defendant's FOIA complaints.  In addition, based on the foregoing four factors, the Court finds that Deichman has not substantially prevailed so as to merit an award of costs.  Finally, Deichman's claim for lost wages is clearly outside the scope of a FOIA action.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that Defendant and Deichman have entered into a binding settlement agreement, and therefore **ORDERS** Deichman to withdraw his pending FOIA complaints with prejudice within ten (10) days of the date of this Order.  As an alternative basis for dismissal, the Court **GRANTS** Defendant's motion for summary judgment on the grounds of mootness.  The Court **DENIES** Deichman's requests for attorney fees, costs, and lost wages.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**


_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 19 , 2006

14